IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD GARY REMBOLD * 

Petitioner *

v * Civil Action No. PWG-15-3233

MICHAEL CAPASSO *

Respondent *
***

## MEMORANDUM

The above-captioned Petition for Writ of Habeas Corpus was filed on October 22, 2015, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Petitioner appears to be indigent, his motion shall be granted. For the reasons stated below, the petition must be dismissed.

Petitioner Donald Gary Rembold ("Rembold") is currently confined to the Harford County Detention Center awaiting trial on charges of sexual abuse of a minor. *See Maryland v. Donald Gary Rembold*, Case No. 12K14000396/7 (Harf. Co. Cir. Ct.); http://casesearch.courts.state.md.us/inquiry. According to the electronic docket, a trial date has been set for December 8, 2015. *Id.*

Previously, Rembold filed a Petition for Writ of Habeas Corpus in this Court challenging the validity of his commitment to a mental health facility as not competent to stand trial. *See Rembold v. Helsel, M.D.*, Civil Action No. PWG-15-1825 (D. Md.). This Court required the Department of Health and Mental Hygiene to file a response to the petition limited to the issue regarding Rembold's commitment to Spring Grove Hospital. Rembold was ultimately found competent to stand trial on September 3, 2015, and this Court dismissed the petition without prejudice because "special circumstances justifying this Court's intervention" to award federal

pre-trial relief did not exist as Rembold was no longer confined at Spring Grove. *Id.* at ECF No. 7. Additionally, the issue presented regarding procedural deficiencies in Rembold's commitment to Spring Grove was made moot by his transfer back to the Harford County Detention Center upon a finding that he was competent to stand trial. *Id.*

Now, Rembold presents a slightly different claim. He asserts that he has been deprived of his legal papers, which were abandoned at Spring Grove Hospital when Harford County Sheriff's deputies picked him up, and that Harford County Circuit Court employees, including the judges presiding over his criminal case, are engaging in misconduct with regard to documents being filed in his criminal case. Compl. 5 – 16, ECF No. 1. As relief, Rembold seeks to have this Court "address the misconduct" and order his release from confinement. *Id.* at 6.

Pretrial federal habeas relief is available under 28 U.S.C. § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. *See Dickerson v. Louisiana*, 816 F. 2d 220, 224–26 (5th Cir. 1987); *U.S. Bounty No. 1014, U.S.A. v. Prince George's Cnty. Dep't of Corr.*, No. L-10-2193, 2010 WL 3198889, at *1 (D. Md. Aug. 12, 2010 (citing *Dickerson*). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Rembold's claims that the trial court has unfairly prevented him from litigating legitimate claims regarding the validity of his confinement and of the charges against him are matters that must first be raised with the trial court and, if unsuccessful, raised on appeal. This Court's intervention, where, as here, there are available avenues through the state courts to present the claims asserted, is not permitted. In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by

other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). The petition will therefore be dismissed without prejudice by separate Order which follows.

11/03/2015
Date

Paul W. Grimm
United States District Judge